DAVIS KINGMAN & others *vs.* THE INHABITANTS OF SCHOOL DISTRICT NUMBER THIRTEEN IN NORTH BRIDGEWATER.

The inhabitants of a school district, having passed a vote to build a school-house. appointed a committee to select and purchase a lot of land for that purpose, and, upon a report of the committee, gave them instructions to purchase a particular lot; the committee accordingly purchased the lot so designated, and, as the only condition upon which they could obtain a conveyance, gave the seller their individual note for the purchase money; a deed was then made to the committee and the other inhabitants of the district, in their corporate capacity, of the lot of land thus purchased; the district subsequently rescinded their votes relative to the building of a school-house, and the committee afterwards paid the note which they had given for the land: In an action by the committee against the district, it was held, that the plaintiffs were entitled to recover the sum so paid by them, notwithstanding they had reason to suppose, before the purchase was made, that a meeting of the district would be held for the purpose of rescinding the votes under which the plaintiffs were authorized to proceed, and notwithstanding the rescinding of those votes, and the payment by the plaintiffs subsequent thereto.

THIS was an action of assumpsit, brought by the plaintiffs, to recover a sum of money, alleged to have been paid by them for a lot of land for the defendants, and was submitted to the court upon an agreed statement of facts.

The votes of the district, as stated in the next preceding case of Hayward against the same defendants, make a part of this.

The plaintiffs were the committee of five, appointed at the meeting of the 29th of July, to select and purchase a lot of land, on which to erect a school-house for the district. In

pursuance of the authority thus given them, and in obedience to the instructions of the district, to purchase the lot next south of Sumner A. Hayward's, the committee made a purchase accordingly, and received a deed of the land to themselves and the other inhabitants of the district in their corporate capacity. In order to effect this purchase, and to obtain a deed of the land, the committee were obliged to give and did give, as the only terms short of cash on which they could obtain the deed, their joint promissory note for the purchase money, payable on demand with interest. The purchase was made, and the deed and note dated and given, on the 18th of August, 1846.

At the time of bargaining for the land, the plaintiffs had reasonable cause to suppose that a meeting would be called, for the purpose, on the part of the applicants therefor, of rescinding the votes of the district at the meetings of July 29th and August 8th ; and the purchase of the land was hastened by the plaintiffs, with a view to fix it upon the district, prior to the meeting alluded to, which was called for and held on the 19th of August, 1846, but which was dissolved without any action.

Subsequently to the 19th of September, and before the commencement of this suit, the plaintiffs, without any request or authority from the defendants, except what may be implied from the proceedings above stated, paid the note given by them for the purchase of the lot of land.

If, upon these facts, the court should be of opinion that the plaintiffs are entitled to recover, the defendants are to be defaulted, and judgment is to be rendered for the plaintiffs, for the sum paid by them for the land with interest ; otherwise the plaintiffs are to become nonsuit.

· *J. H. Clifford* and *E. Ames,* for the plaintiffs.

*H. E. Smith,* for the defendants.

FLETCHER, J. This case is connected with the next preceding, but differs essentially in its facts, and stands on different principles. At a meeting of the district, held on the 29th of July, 1846, it was voted to purchase a lot of land, upon

which to erect a school-house. The plaintiffs were chosen a committee to select and purchase a lot of land. This committee made a report at an adjourned meeting as to the prices of certain lots, and were instructed to purchase a particular lot. On the 18th of August following, the committee purchased the lot as instructed, and took a deed to the district; but as the only terms, short of cash, on which they could obtain the deed, the committee gave their individual note for the purchase money, which note they have paid; and they now bring this action to recover the money so paid.

The plaintiffs were clearly authorized to make the purchase for the district, and could have legally bound the district to pay the purchase money. But the grantor required the individual security of the plaintiffs, and as the plaintiffs purchased by the request and authority of the district, payment of the consideration by them was a payment upon the request and for the use of the district. The plaintiffs, therefore, are clearly entitled to recover the amount paid by them, upon the plainest and most familiar principles, as for money paid by them for the use of the defendants and at their request.

The fact, that the district, after the plaintiffs had purchased the land and given their note, rescinded their votes directing the purchase, cannot affect the plaintiffs' right to recover. The vote to rescind cannot invalidate the purchase which had been before rightly made by the plaintiffs, in pursuance of the authority which they then had. Nor is it material, that the note made by the plaintiffs was actually paid after the vote to rescind. The plaintiffs having rightfully made their note in behalf of the defendants, the payment was of course rightful, because it could not be avoided, and the plaintiffs were obliged to pay it. Nor is it of consequence, that at the time of bargaining for the land, the plaintiffs had reasonable cause to suppose that a meeting would be called to rescind the doings of the district at the meetings of July 29th and August 8th in regard to the purchase of the land, and that the purchase was hastened by the plaintiffs, with a view to fix it on the district. It matters not what were the views of

expectations of the plaintiffs as to the future so long as they kept within their authority, and did only what they had a perfect right to do at the time. The plaintiffs bought the land for the defendants, by their direction and authority, and the defendants are clearly bound to pay the consideration which the plaintiffs paid in their behalf.

The defendants must be defaulted, and judgment rendered for the plaintiffs for the amount paid by them and interest.